IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:22-cv-00277-BO

| | | |
|---|---|---|
| LYNN BERNSTEIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **PLAINTIFF'S MOTION** |
| | ) | **FOR PRELIMINARY** |
| GARY SIMS, individually and in | ) | **INJUNCTION** |
| his official capacity as Director of the | ) | Fed. R. Civ. P. 65(a) |
| Wake County Board of Elections; and | ) | |
| WAKE COUNTY BOARD OF | ) | |
| ELECTIONS, | ) | Oral Argument Requested |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, plaintiff

Lynn Bernstein hereby moves for entry of a preliminary injunction against

defendants Gary Sims and the Wake County Board of Elections. In support of

her motion, she respectfully shows the Court as follows:

1. Plaintiff Lynn Bernstein, a citizen of Wake County and longtime

    advocate for transparent elections, brings this action under 42

    U.S.C. § 1983 to vindicate her constitutional rights, in particular

    her First Amendment rights, her right to vote on equal terms with

    other Wake County voters, and her right to due process of law.

2. On May 14, 2022, Defendants, without warning and without

    affording her any due process protections, "trespassed" Ms.

Bernstein. As a result, she is forever banned from coming onto Wake County Board of Elections property, apparently even to cast a vote as a duly registered Wake County voter.

3. Efforts by Ms. Bernstein to have Defendants reverse the ban have all gone ignored by defendants.

4. The ban on Ms. Bernstein continues to be in effect and is permanent. Though not entirely clear from the written trespass paperwork she was shown, it is Ms. Bernstein's fear that the ban on "trespassing" applies to any Wake County BOE property, even if that property is accessed only for purposes of voting and even if that property is only temporarily under the Board's control as a polling place. In light of Defendants' extremely hostile prior conduct toward her, Ms. Bernstein legitimately fears that the ban will be interpreted by Defendants in a manner that will inflict as much harassment and detriment to her rights as possible.

5. As a result, not only is Ms. Bernstein deprived of the opportunity to observe and speak at BOE meetings and many other civic and educational events hosted by the Board, but she also cannot file in person to run for office, take poll worker training, work as a poll worker, be a political election observer, return voter registration forms following registration drives, or even serve as a poll greeter.

2

And because the BOE does not provide any means for members of the public to view its meetings and events virtually, she cannot watch Board meetings or events as they are occurring, let alone participate and comment remotely. Ms. Bernstein cannot even vote in-person early or in-person on election day without fear of adverse action from the BOE.

6. A preliminary injunction enjoining the ban of Ms. Bernstein is needed because the ban impermissibly interferes with Ms. Bernstein's ability to engage in effective public advocacy on behalf of herself and her organization. Additionally, the ban causes her to fear voting in person, forcing her to now vote only by absentee ballot.

7. As explained in her supporting memorandum of law and as shown in the exhibits being submitted, Ms. Bernstein can demonstrate that (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm absent an injunction; (3) the balance of hardships weighs in their favor; and (4) the injunction is in the public interest. *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014); *see Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

8. Though Rule 65(c) generally requires a plaintiff to post security for issuance of a preliminary injunction, a District Court may waive the bond requirement in its discretion. Ms. Bernstein respectfully asks that the requirement for bond be waived or set at a minimal amount.

9. Plaintiff respectfully asks that this motion be set for oral argument and an evidentiary hearing.

WHEREFORE, Ms. Bernstein respectfully requests entry of an order enjoining the ban against her and granting her the right to enter and be present on property owned by, or under the control of, the Wake County Board of Elections for any lawful purpose, including speaking, attending meetings and events, observing BOE activities, and casting a vote as a registered voter in Wake County.

Ms. Bernstein asks that the injunction be issued against the Defendants in this case in addition to their officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B) of the Federal Rules of Civil Procedure.

She further asks that the requirement for security be waived and that she be granted such other and further relief as the Court deems appropriate

4

Respectfully submitted, this the 20th day of September, 2022.

LAW OFFICE OF B. TYLER BROOKS, PLLC

BY: /s/B. Tyler Brooks
B. Tyler Brooks
N.C. Bar No. 37604
btb@btylerbrookslawyer.com
P.O. Box 10767
Greensboro, North Carolina 27404
Telephone: (336) 707-8855
Fax: (336) 900-6535

HUBBARD LAW FIRM

BY: /s/Meredith Woods Hubbard
Meredith Woods Hubbard
N.C. Bar No. 38599
meredith@hubbardlawnc.com
150 Fayetteville Street
Suite 300
Raleigh, North Carolina 27601
Telephone: (919) 961-4262
Fax: (919) 930-8544

*Counsel for Plaintiff Lynn Bernstein*

5

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically with the Court's CM/ECF system on September 20, 2022, which will serve a copy on counsel for the defendants, as indicated below.

/s/B. Tyler Brooks
B. Tyler Brooks


**SERVED:**

Scott Wood Warren, Esq.
Allison Pope Cooper, Esq.
Roger A. Askew, Esq.
WAKE COUNTY ATTORNEY'S OFFICE
Post Office Box 550
Raleigh, North Carolina 27602

*Counsel for Defendants*