IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:22-CV-277-BO-KS

| | |
|---|---|
| LYNN BERNSTEIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GARY SIMS, individually and in his official | ) |
| capacity as Director of Elections for the Wake | ) |
| County Board of Elections; and WAKE COUNTY | ) |
| BOARD OF ELECTIONS | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' ANSWER

NOW COME the defendants, GARY SIMS, individually and in his official capacity as Director of Elections for the Wake County Board of Elections; and WAKE COUNTY BOARD OF ELECTIONS by and through counsel, and answer the allegations of Plaintiff's Complaint as follows:

## FIRST DEFENSE

For and as an affirmative defense, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and as more particularly set forth in the Motion to Dismiss accompanying this case 5:22-CV-277-BO-KS and Memorandum of Law in support thereof filed contemporaneous herewith, Defendants move to dismiss all of Plaintiff's claims against Gary Sims, individually and in his official capacity as Director of Elections for the Wake County Board of Elections; and against the Wake County Board of Elections in that Plaintiff's Complaint fails to state a claim against either party upon which relief may be granted.

## SECOND DEFENSE

For and as a further affirmative defense, to the extent that any claim for relief against the Defendants is raised or inferred by the pleadings for which the defense of sovereign immunity or governmental immunity is available, these answering defendants affirmatively plead the doctrine of sovereign or governmental immunity as a complete bar to those claims, which has not been waived in any manner to the extent that it is available under the existing law.

## THIRD DEFENSE

For and as a further affirmative defense, to the extent that any claim for relief against the Defendants is raised or inferred by the pleadings for which the defense of public official immunity is available, Defendant Sims affirmatively pleads the doctrine of public official immunity in bar of any claim in tort against him in his individual capacity.

## FOURTH DEFENSE

For and as a further affirmative defense, to the extent that Plaintiff expressly or impliedly alleges the acts or omissions of purported agents of the Wake County Board of Elections as a basis for liability, as there is no *respondeat superior* liability under 42 U.S.C. § 1983 those claims fail as a matter of law.

## FIFTH DEFENSE

For and as a further affirmative defense, the Defendants affirmatively plead that Plaintiff's own culpable conduct, not protected by the U.S. Constitution or North Carolina Constitution, led directly to a trespass notice being issued by the City of Raleigh Police Department.

## SIXTH DEFENSE

For and as a further affirmative defense as to Plaintiff's claim for defamation, the Defendants affirmatively plead the absolute truth of all statements made to law enforcement regarding the trespass incident upon which this action is based.

## SEVENTH DEFENSE

For and as a further affirmative defense, the Defendants answer the specific allegations of Plaintiff's complaint as follows (sub-headings contained in the Complaint are included as they appear for reference only and are not admitted as true for any purpose).

## ANSWER TO COMPLAINT

Defendants answer the specific allegations of the Complaint as follows [subtitles contained in the Complaint are included as they appear for reference only and are not admitted as true for any purpose]:

## INTRODUCTION

1. The allegations contained in paragraph 1 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

2. The allegations contained in paragraph 2 of Plaintiff's Complaint are denied.

3. The allegations contained in paragraph 3 of Plaintiff's Complaint are denied.

## THE PARTIES

4. The allegation contained in paragraph 4 of Plaintiff's Complaint with respect to Plaintiff's residency is admitted, upon information and belief. Defendants are without sufficient knowledge to admit or deny Plaintiff's allegations as to her founding of Transparent Elections NC,

the purpose behind this organization and/or its advocacy goals, and as such, these allegations are denied.

5. The allegations contained in paragraph 5 of Plaintiff's Complaint are admitted.

6. The allegations contained in paragraph 6 of Plaintiff's Complaint are admitted.

7. The allegations contained in paragraph 7 of Plaintiff's Complaint state legal conclusions to which no response is required.

8. The allegations contained in paragraph 8 of Plaintiff's Complaint are admitted.

9. The allegations contained in paragraph 9 of Plaintiff's Complaint are denied.

10. The allegations contained in paragraph 10 of Plaintiff's Complaint are denied and it is specifically alleged that Defendants have not created, adopted, approved, ratified or enforced any rule or regulation that have deprived or are depriving Ms. Bernstein of her fundamental rights.

11. The allegations contained in paragraph 11 of Plaintiff's Complaint are denied.

12. The allegations contained in paragraph 12 of Plaintiff's Complaint are denied.

13. The allegations contained in paragraph 13 of Plaintiff's Complaint are denied.

14. The allegations contained in paragraph 14 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

## **JURISDICTION AND VENUE**

15. The allegations contained in paragraph 15 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

16. The allegations contained in paragraph 16 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

17. The allegations contained in paragraph 17 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

18. The allegations contained in paragraph 18 of Plaintiff's Complaint are specifically denied with respect to the state law claims being properly before the court.

19. The allegations contained in paragraph 19 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

20. The allegations contained in paragraph 20 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

21. The allegations contained in paragraph 21 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

22. The allegations contained in paragraph 22 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

23. The allegations contained in paragraph 23 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

24. The allegations contained in paragraph 24 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES AND RIPENESS OF CLAIMS**

25. In response to the numerous allegations contained in paragraph 25 of Plaintiff's Complaint, it is admitted that Defendant Board has not taken any action to revoke the trespass notice issued by the Raleigh Police Department. It is further admitted that Plaintiff's husband was informed that he had exceeded the two (2) minute time limit for public comments made during the May 16, 2022 Board of Elections meeting and that he was asked to leave the podium after continuing to speak past his allotted time. With respect to the remaining allegations, they are denied.

26. The allegations contained in paragraph 26 of Plaintiff's Complaint are denied.

27. The allegations contained in paragraph 27 of Plaintiff's Complaint are denied.

28. The allegations contained in paragraph 28 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

29. The allegations contained in paragraph 29 of Plaintiff's Complaint are denied.

**FACTS**

30. The allegations contained in paragraph 30 of Plaintiff's Complaint state conclusory statements to which no response is required. To the extent that these allegations require a response, such allegations are denied.

31. Defendants are without sufficient information to admit or deny Plaintiff's allegations contained in Paragraph 31 with respect to her educational degree. The remaining

allegations in paragraph 31 of Plaintiff's Complaint state conclusory statements to which no response is required. To the extent that these allegations require a response, such allegations are denied.

32. The allegations contained in paragraph 32 of Plaintiff's Complaint state conclusory statements to which no response is required. To the extent that these allegations require a response, such allegations are denied.

33. Defendants are without sufficient information to admit or deny Plaintiff's allegations contained in Paragraph 33 with respect to her membership on various boards and election training. To the extent that these allegations require a response, such allegations are denied.

34. The allegations contained in paragraph 34 of Plaintiff's Complaint state conclusory statements to which no response is required. To the extent that these allegations require a response, such allegations are denied.

35. Defendants are without sufficient information to admit or deny Plaintiff's allegations contained in paragraph 35 with respect to whether her work is done without compensation or the motivation behind her work. These allegations also state conclusory statements to which no response is required. To the extent that these allegations require a response, such allegations are denied.

36. Defendants are without sufficient information to admit or deny Plaintiff's allegations contained in paragraph 36 with respect to drawing the ire of unnamed officials. The remaining allegations in paragraph 36 with respect to Defendant Sims are denied.

37. The allegations contained in paragraph 37 of Plaintiff's Complaint are denied.

38. The allegations contained in paragraph 38 of Plaintiff's Complaint are denied.

39. The allegations contained in paragraph 39 of Plaintiff's Complaint are denied.

40. The allegations contained in paragraph 40 of Plaintiff's Complaint are denied.

41. In response to the allegations contained in paragraph 41 of Plaintiff's Complaint, it is admitted that Plaintiff appeared at Defendant Board meetings. With respect to the remaining allegations of paragraph 41, they are denied.

42. The allegations contained in paragraph 42 of Plaintiff's Complaint recite excerpts without context from N.C. Gen. Stat. § 163-182.2(a)(3), which are the best evidence of their contents and contain contentions of law. With respect to the remaining allegations in paragraph 42, they are denied.

43. Defendants are without sufficient information to admit or deny Plaintiff's allegations contained in Paragraph 43 with respect to her advocacy efforts. To the extent that these allegations require a response, such allegations are denied.

44. The allegations contained in paragraph 44 of Plaintiff's Complaint are denied.

45. In response to the allegations contained in paragraph 45 of Plaintiff's Complaint it is admitted that in response to a voluminous email from Plaintiff, Defendant Sims offered to meet with Plaintiff in person. With respect to the remaining allegations contained in paragraph 45, they are denied.

46. In response to the allegations contained in paragraph 46 of Plaintiff's Complaint regarding Plaintiff being accompanied by John Brakey on May 14, 2022, said allegations are admitted upon information and belief. With respect to the remaining allegations contained in paragraph 46 they are denied for lack of information and knowledge.

47. The allegations contained in paragraph 47 of Plaintiff's Complaint are denied.

48. The allegations contained in paragraph 48 of Plaintiff's Complaint are denied for lack of information or knowledge.

49. The allegations contained in paragraph 49 of Plaintiff's Complaint are denied for lack of information or knowledge.

50. The allegations contained in paragraph 50 of Plaintiff's Complaint are denied for lack of information or knowledge.

51. In response to the allegations contained in paragraph 51 of Plaintiff's Complaint, it is admitted that during the time alleged (4:51pm), Plaintiff and Brakey stepped inside the gate and it is specifically admitted that Plaintiff and Brakey remained in the vicinity of the gate's sensor thereby interfering with the gate operation. It is specifically admitted the gate began to open and retract as a result of Plaintiff and Brakey's interference. It is further admitted that the gate remained open all day for early voting which ended at 3pm on that exact date and no other public events were scheduled and the facility was thereafter closed to the public. Except as herein admitted, the remaining allegations are denied.

52. The allegations contained in paragraph 52 of Plaintiff's Complaint are denied.

53. In response to the allegations contained in paragraph 53 of Plaintiff's Complaint it is specifically denied that the responding officer from Raleigh Police Department spoke to a Sheriff's Deputy; the officer spoke with a private contracted security guard. It is admitted, upon information and belief, that the private security guard correctly informed the officer that Plaintiff and Mr. Brakey tampered with the gate while it was being closed and upon information and belief attempted to prevent its closing. Except as herein admitted, the remaining allegations are denied.

54. In response to the allegations contained in paragraph 54 of Plaintiff's Complaint it is admitted that Raleigh Police Department issued paperwork to document Plaintiff's trespass

notice. The remaining allegations contained in paragraph 54 of Plaintiff's Complaint are denied for lack of information and knowledge.

55. Defendants are without sufficient information to admit or deny Plaintiff's allegations contained in paragraph 55 and they are thereby denied.

56. The allegations contained in paragraph 56 of Plaintiff's Complaint are admitted, upon information and belief.

57. In response to the allegations contained in paragraph 57 of Plaintiff's Complaint it is admitted that on the date alleged, Plaintiff's husband addressed the Defendant Board of Elections at a meeting and that he had exceeded his allotted time and he continued to disrupt the Board meeting by refusing to stop after exceeding his time. With respect to the remaining allegations, they are denied.

58. In response to the allegations contained in paragraph 58 of Plaintiff's Complaint, it is admitted that Defendant Board has not taken any action to revoke, suspend or modify the trespass notice. Except as herein admitted, the remaining allegations are denied.

59. The allegations contained in Paragraph 59 of Plaintiff's Complaint are denied for lack of information and belief.

60. The allegations contained in paragraph 60 of Plaintiff's Complaint are denied.

61. The allegations contained in paragraph 61 of Plaintiff's Complaint are denied.

62. In response to the allegations contained in paragraph 62 of Plaintiff's Complaint, it is specifically denied that Plaintiff cannot vote in person as it is apparent from public records available through the State Board of Election that Plaintiff voted in person on May 17, 2022 at her assigned polling location, just 3 days after the trespass notice was issued.

# COUNT I
## Violation of the First Amendment to the U.S. Constitution:
## Prior Restraint; Content and Viewpoint Discrimination;
## and Denial of Rights under the Petition Clause
## (42 U.S.C. § 1983)

63. Defendants incorporate by reference their responses to paragraphs 1 – 62 above as if fully set forth herein.

64. The allegations contained in paragraph 64 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

65. The allegations contained in paragraph 65 of Plaintiff's Complaint are denied.

66. The allegations contained in paragraph 66 of Plaintiff's Complaint are denied.

67. The allegations contained in paragraph 67 of Plaintiff's Complaint are denied.

68. The allegations contained in paragraph 68 of Plaintiff's Complaint are denied.

69. The allegations contained in paragraph 69 of Plaintiff's Complaint are denied.

70. The allegations contained in paragraph 70 of Plaintiff's Complaint are denied.

71. The allegations contained in paragraph 71 of Plaintiff's Complaint are denied.

72. The allegations contained in paragraph 72 of Plaintiff's Complaint are denied. Defendants have not issued any ban on Plaintiff's speech.

73. The allegations contained in paragraph 73 of Plaintiff's Complaint are denied.

74. The allegations contained in paragraph 74 of Plaintiff's Complaint are denied

75. The allegations contained in paragraph 75 of Plaintiff's Complaint are denied.

76. The allegations contained in paragraph 76 of Plaintiff's Complaint are denied.

77. The allegations contained in paragraph 77 of Plaintiff's Complaint are denied.

## COUNT II
### Violation of the Equal Protection Clause of the Fourteenth Amendment: Denial of the Right to Vote and Engage in the Political Process on Equal Terms
**(42 U.S.C. § 1983)**

78. Defendants incorporate by reference their responses to paragraphs 1 – 77 above as if fully set forth herein.

79. The allegations contained in paragraph 79 of Plaintiff's Complaint recite excerpts from the Fourteenth Amendment to the United States Constitution which are the best evidence of their contents.

80. The allegations contained in paragraph 80 of Plaintiff's Complaint are admitted.

81. The allegations contained in paragraph 81 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

82. The allegations contained in paragraph 82 of Plaintiff's Complaint are denied.

83. The allegations contained in paragraph 83 of Plaintiff's Complaint are denied.

84. The allegations contained in paragraph 84 of Plaintiff's Complaint are denied.

85. The allegations contained in paragraph 85 of Plaintiff's Complaint are denied.

86. The allegations contained in paragraph 86 of Plaintiff's Complaint are denied.

## COUNT III
### Violation of the Due Process Clause of the Fourteenth Amendment: Lack of Procedural Due Process
**(42 U.S.C. § 1983)**

87. Defendants incorporate by reference their responses to paragraphs 1 – 86 above as if fully set forth herein.

88. The allegations contained in paragraph 88 of Plaintiff's Complaint recite excerpts from the Fourteenth Amendment to the United States Constitution which are the best evidence of

their contents.

89. The allegations contained in paragraph 89 of Plaintiff's Complaint are admitted.

90. The allegations contained in paragraph 90 of Plaintiff's Complaint are denied.

91. The allegations contained in paragraph 91 of Plaintiff's Complaint are denied.

92. The allegations contained in paragraph 92 of Plaintiff's Complaint are denied.

93. The allegations contained in paragraph 93 of Plaintiff's Complaint are denied.

94. The allegations contained in paragraph 94 of Plaintiff's Complaint are denied as Plaintiff was previously asked to leave the Defendant Board of Election premises during non-public hours.

95. The allegations contained in paragraph 95 of Plaintiff's Complaint are denied.

96. The allegations contained in paragraph 96 of Plaintiff's Complaint are denied for lack of information or knowledge

97. The allegations contained in paragraph 97 of Plaintiff's Complaint are denied.

98. The allegations contained in paragraph 98 of Plaintiff's Complaint are denied.

99. The allegations contained in paragraph 99 of Plaintiff's Complaint are denied.

100. The allegations contained in paragraph 100 of Plaintiff's Complaint are denied for lack of information and knowledge.

101. The allegations contained in paragraph 101 of Plaintiff's Complaint are denied.

102. The allegations contained in paragraph 102 of Plaintiff's Complaint are denied.

103. The allegations contained in paragraph 103 of Plaintiff's Complaint are denied.

104. The allegations contained in paragraph 104 of Plaintiff's Complaint are denied.

105. The allegations contained in paragraph 105 of Plaintiff's Complaint are denied.

## COUNT IV
### Retaliation for Exercising Rights
### Guaranteed by the First Amendment
### (42 U.S.C. § 1983)

106. Defendants incorporate by reference their responses to paragraphs 1 – 105 above as if fully set forth herein.

107. The allegations contained in paragraph 107 of Plaintiff's Complaint are specifically denied.

108. In response to the allegations contained in paragraph 108 of Plaintiff's Complaint, including all subparts, it is admitted that citizens are entitled to certain First Amendment rights to communicate and criticize governmental action, but it is expressly denied that Defendants have denied Plaintiff the ability to exercise any First Amendment rights including, but not limited to, the allegations contained in subparts a-i.

109. The allegations contained in paragraph 109 of Plaintiff's Complaint are denied.

110. The allegations contained in paragraph 110 of Plaintiff's Complaint are denied for lack of information and knowledge.

111. The allegations contained in paragraph 111 of Plaintiff's Complaint are denied.

112. The allegations contained in paragraph 112 of Plaintiff's Complaint are denied.

113. The allegations contained in paragraph 113 of Plaintiff's Complaint are denied.

114. The allegations contained in paragraph 114 of Plaintiff's Complaint are denied.

115. The allegations contained in paragraph 115 of Plaintiff's Complaint are denied.

## COUNT V
### Violation of the North Carolina Constitution
### (N.C. Const., art. I, §§ 9-12, 14, 19; art. VI)

116. Defendants incorporate by reference their responses to paragraphs 1 – 115 above as if fully set forth herein.

117. The allegations contained in paragraph 117 of Plaintiff's Complaint recite excerpts from the North Carolina Constitution which are the best evidence of their contents.

118. The allegations contained in paragraph 118 of Plaintiff's Complaint are denied.

119. The allegations contained in paragraph 119 of Plaintiff's Complaint recite excerpts from the North Carolina Constitution which are the best evidence of their contents.

120. The allegations contained in paragraph 120 of Plaintiff's Complaint are denied.

121. The allegations contained in paragraph 121 of Plaintiff's Complaint recite excerpts from the North Carolina Constitution which are the best evidence of their contents.

122. The allegations contained in paragraph 122 of Plaintiff's Complaint are denied.

123. The allegations contained in paragraph 123 of Plaintiff's Complaint are denied.

124. The allegations contained in paragraph 124 of Plaintiff's Complaint are denied.

125. The allegations contained in paragraph 125 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

126. The allegations contained in paragraph 126 of Plaintiff's Complaint are denied.

## COUNT VI
**Common Law Assault
(Against Defendant Sims in
His Individual Capacity Only)**

127. Defendants incorporate by reference their responses to paragraphs 1 – 126 above as if fully set forth herein.

128. The allegations contained in paragraph 128 of Plaintiff's Complaint are denied.

129. The allegations contained in paragraph 129 of Plaintiff's Complaint are denied.

130. The allegations contained in paragraph 130 of Plaintiff's Complaint are denied.

131. The allegations contained in paragraph 131 of Plaintiff's Complaint are denied.

## COUNT VII
## Common Law Defamation
## (Against Defendant Sims in
## His Individual Capacity Only)

132. Defendants incorporate by reference their responses to paragraphs 1 – 131 above as if fully set forth herein.

133. The allegations contained in paragraph 133 of Plaintiff's Complaint are denied.

134. The allegations contained in paragraph 134 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent that these allegations require a response, such allegations are denied.

135. The allegations contained in paragraph 135 of Plaintiff's Complaint are denied.

136. The allegations contained in paragraph 136 of Plaintiff's Complaint are denied.

137. The allegations contained in paragraph 137 of Plaintiff's Complaint are denied.

## COUNT VIII
## Declaratory Judgment Relief
## (28 U.S.C. §§ 2201-02; N.C. Gen. Stat. § 1-253 *et seq*.)

138. Defendants incorporate by reference their responses to paragraphs 1 – 137 above as if fully set forth herein.

139. The allegations contained in paragraph 139 of Plaintiff's Complaint are denied.

140. The allegations contained in paragraph 140 of Plaintiff's Complaint are denied.

141. The allegations contained in paragraph 141 of Plaintiff's Complaint state conclusory statements to which no response is required. To the extent that these allegations require a response, such allegations are denied.

## PRAYER FOR RELIEF

WHEREFORE, Defendants, having fully answered the Complaint of the Plaintiff, pray for the following relief:

1. That Plaintiff's prayer for relief be denied in its entirety and Plaintiff have and recover nothing by way of this Complaint;

2. That the Court dismiss all claims of the Plaintiff;

3. That all costs of this action, including court costs and reasonable attorney's fees if by law allowed, be taxed to the Plaintiff;

4. That any issue of insurance coverage or waiver of immunity be tried by the Court sitting without a jury as provided by N.C. Gen. Stat. § 153A-435;

5. For trial by jury on all other issues so triable;

6. For such other and further relief as the Court deems just and proper.

This the 22nd day of September, 2022.

WAKE COUNTY ATTORNEY'S OFFICE

/s/ *Scott W. Warren*
Scott W. Warren, NCSB # 14349
County Attorney

/s/ *Roger A. Askew*
Roger A. Askew, NCSB # 18081
Senior Deputy County Attorney

/s/ *Allison P. Cooper*
Allison P. Cooper, NCSB # 34160
Deputy County Attorney
Post Office Box 550
Raleigh, North Carolina 27602
Phone: (919) 856-5500
Fax:    (919) 856-5504
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:22-CV-277-BO-KS

| | |
|---|---|
| LYNN BERNSTEIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GARY SIMS, individually and in his official | ) |
| capacity as Director of Elections for the Wake | ) |
| County Board of Elections; and WAKE COUNTY | ) |
| BOARD OF ELECTIONS | ) |
| | ) |
| Defendants. | ) |

The undersigned hereby certifies that the foregoing **DEFENDANTS' ANSWER** was electronically filed with the Clerk of Court using the CM/ECF filing system and served via electronic transmission through the Court's CM/ECF system in accordance with Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure and applicable local rules upon the CM/ECF participants:

B. Tyler Brooks
Law Office of B. Tyler Brooks, PLLC
P.O. Box 10767
Greensboro, NC 27404
btb@btylerbrookslawyer.com

Meredith Woods Hubbard
Hubbard Law Firm
150 Fayetteville Street
Suite 300
Raleigh, NC 27601
meredith@hubbardlawnc.com

This the 22nd day of September, 2022.

/s/ *Roger A. Askew*
Roger A. Askew, NCSB # 18081
Senior Deputy County Attorney
Wake County Attorney's Office
P.O. Box 500
Raleigh, NC 27602
Telephone: 919-856-5500
Facsimile: 919-856-5504
E-Mail: Roger.askew@wakegov.com