IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-277-BO

| | |
|---|---|
| LYNN BERNSTEIN,<br>      Plaintiff,<br><br>v.<br><br>GARY SIMS, individually and in his<br>official capacity as Director of Elections for<br>the Wake County Board of Elections;<br>and WAKE COUNTY BOARD OF<br>ELECTIONS,<br>      Defendants. | ORDER |

This cause comes before the Court on defendants' motions to dismiss and motion to quash. The appropriate responses and replies have been filed, or the time for doing so has expired, and the motions are ripe for ruling. For the reasons that follow, the motion to dismiss the original complaint is denied as moot, the motion to dismiss the amended complaint is granted in part and denied in part, and the motion to quash is denied as moot.

BACKGROUND

Plaintiff is a citizen of Wake County, North Carolina, and a self-described longtime advocate for transparent elections. She filed this action under 42 U.S.C. § 1983 following the alleged deprivation of her First and Fourteenth Amendment rights by defendants on May 14, 2022. Plaintiff sought a preliminary injunction and, following a hearing before the undersigned on November 14, 2022, the Court granted her motion in part and preliminary enjoined defendants from enforcing the trespass notice issued against plaintiff for the 1200 N. New Hope Road, Wake County Board of Elections property during any meeting of the Wake County Board of Elections that is open to the public. [DE 40].

Prior to entry of the partial preliminary injunction, defendants filed the instant motions. In their motion to dismiss, defendants argue that plaintiff's 42 U.S.C. § 1983 claims (Counts I, II, III and IV) fail to state a claim upon which relief can be granted, that plaintiff's direct claims under the North Carolina Constitution (Count V) are barred because plaintiff has adequate remedies at state law, that plaintiff's claim for assault against defendant Sims (Count VI) in his individual capacity fails to adequately allege the elements of civil assault and should be dismissed, that plaintiff's defamation claim against Sims in his individual capacity (Count VII) fails to adequately allege facts constituting defamation and should be dismissed, that plaintiff's claim for declaratory judgment (Count VIII) fails to adequately allege an actual controversy between the parties, , and that plaintiff's state law tort claims against Sims (Counts VI and VII) are barred by public official immunity. Defendant Wake County Board of Elections further seeks to quash subpoenas to appear at the hearing before the undersigned on November 14, 2022.

The Court incorporates by reference as if fully set forth herein the factual background of this matter outlined in its order on plaintiff's motion for preliminary injunction.

## DISCUSSION

A. Motions to dismiss.

At the outset, because plaintiff has filed an amended complaint, the motion to dismiss the original complaint [DE 17] is DENIED as MOOT. *See Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) (properly filed amended complaint renders original complaint of no effect).

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable

2

to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

*Counts I, II, III & IV*

For those reasons discussed in the Court's order on plaintiff's motion for preliminary injunction, the motion to dismiss Count I of plaintiff's amended complaint and her *Monell* theory of liability is denied. The only argument defendants proffer in support of dismissal of the § 1983 claims is that plaintiff has failed to sufficiently allege her claims in light of *Monell*, which argument this Court has rejected in its order on the motion for preliminary injunction. The motion to dismiss these claims is therefore denied.

*Count V*

In Count V, plaintiff alleges violations of the North Carolina Constitution, specifically Article I, Sections 9-12, 14, and 19 and Article VI. Defendants have moved to dismiss this claim because they contend plaintiff has adequate remedies at state law.

It is well established that a plaintiff may not maintain a claim under the North Carolina Constitution when adequate remedies at law exist. *Corum v. Univ. of N.C.*, 330 N.C. 761, 781-82 (1992). The "term adequate . . . is not used to mean potentially successful." *Craig ex rel. Craig v. New Hanover Bd. of Educ.*, 648 S.E.2d 923, 927 (N.C. Ct. App. 2007) (quotations omitted),

3

*overruled on other grounds by Craig ex rel. Craig v. New Hanover County Bd. of Educ.*, 678 S.E.2d 351 (N.C. 2009). Rather, it means "'available, existing, applicable remedy.'" *Id.* Accordingly, claims under the North Carolina Constitution are limited to when a plaintiff has "no other remedy." *Corum*, 330 N.C. at 783.

Defendants contend that plaintiff's state law tort claims for assault and defamtion are adequate remedies at state law. However, *Corum* itself recognizes that North Carolina law "guarantees plaintiff a direct action under the State Constitution for alleged violations of his constitutional freedom of speech rights." *Id.* Defendants have not otherwise demonstrated that Count V fails to state a claim for relief, and the motion to dismiss this claim is denied.

*Counts VI & VII*

Counts VI and VII allege claims for assault and defamation under state law against defendant Sims in his individual capacity. In response, defendant Sims has asserted public official immunity.

"[T]he chief function of public official immunity has long been understood to shield public officials from tort liability when those officials truly perform discretionary acts that do not exceed the scope of their official duties." *Bartley v. City of High Point*, 381 N.C. 287, 294 (2022). "A public official can only be held individually liable for damages when the conduct complained of is malicious, corrupt, or outside the scope of official authority." *Hunter v. Transylvania Cty. Dep't of Soc. Servs.*, 207 N.C. App. 735, 737 (2010). North Carolina "law presumes that public officials will discharge their duties in good faith and exercise their powers in accord with the spirit and purpose of the law." *Doe v. City of Charlotte*, 273 N.C. App. 10, 24 (2020) (internal quotation and citation omitted). In order to "rebut the presumption of good faith[, the evidence] must be sufficient by virtue of its reasonableness, not by mere supposition. It must be factual, not hypothetical;

4

supported by fact, not by surmise." *Dobson v. Harris*, 352 N.C. 77, 85 (2000). In the context of public official immunity, the pleading standard is "not a mere formality". *R.A. v. Johnson*, 36 F.4th 537, 545 (4th Cir. 2022).

Plaintiff contends that she has sufficiently alleged that defendant Sims acted with malice, corruption, and outside the scope of his authority. The Court disagrees. Plaintiff's amended complaint has not specifically alleged any corruption or malice by Sims in support of her tort claims. She has alleged only that in engaging in the allegedly tortious actions Sims acted outside the scope of his authority.

Under North Carolina law, a director of a county board of elections must comply with specific duties and responsibilities, including adhering to those duties and responsibilities delegated to each county board of elections. N.C. Gen. Stat. 163-35(b) (citing N.C. Gen. Stat. § 163-33). The conduct about which plaintiff complains in her defamation and assault claims occurred following the conclusion of a WCBOE meeting and at the WCBOE warehouse. Sims was plainly acting within the scope of his authority as Director of the WCBOE when he, for example, instructed plaintiff to leave a Board of Elections meeting after it had concluded and in reporting potentially criminal activity at the WCBOE warehouse to the police.

In light of the presumption of good faith and plaintiff's high burden to overcome the presumption, plaintiff's allegations, without more, that Sims acted outside the scope of his authority are insufficient, even at this early stage of the proceeding. *Green v. Howell*, 274 N.C. App. 158, 167 (2020) ("A conclusory allegation that a public official acted maliciously or corruptly is not sufficient, by itself, to withstand a motion to dismiss."); *see also Campbell v. Anderson*, 156 N.C. App. 371, 377 (2003). Here, plaintiff has made the conclusory statement that Sims acted

outside the scope of his authority, but her factual allegations are insufficient to pierce public official immunity. Plaintiff's tort claims are therefore dismissed.

*Count VIII*

Defendants seek dismissal of plaintiff's declaratory judgment claim, arguing that plaintiff has failed to allege an actual controversy between parties with adverse interests. Plaintiff has sufficiently alleged the required elements of a declaratory judgment claim. *See Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 592 (4th Cir. 2004). Moreover, the Court has already entered a preliminary injunction in this case. The request to dismiss the declaratory judgment claim is denied.

B. Motion to quash.

Because the motion to quash concerns subpoenas for the 14 November 2022 hearing which has passed, the motion [DE 34] is DENIED AS MOOT.

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' motion to dismiss plaintiff's complaint [DE 17] is DENIED AS MOOT, defendant's motion to dismiss the amended complaint [DE 30] is GRANTED IN PART and DENIED IN PART, and defendants' motion to quash [DE 34] is DENIED AS MOOT. Plaintiff's state law claims for defamation and assault are DISMISSED.

SO ORDERED, this **3** day of April 2023.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE